**FILED**

**JUL 1 4 2008**

**Clerk, U.S. District and Bankruptcy Courts**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHERYL HOLLIS
11571 Somerset Blvd.
Princess Anne, MD

    PLAINTIFF

v.

ROSA MEXICANA DC LLC
575 7th St. NW
Washington, DC 20001
Serve:
c/o Corporation Service Co.
1090 Vermont Ave. NW
Washington, DC 20005
    DEFENDANT

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.
Judge

Case: 1:08-cv-01209
Assigned To : Roberts, Richard W.
Assign. Date : 7/14/2008
Description: Civil Rights-Non-Employ.

*JURY ACTION*

----COMPLAINT----

1. Jurisdiction of this action is based upon 2/8 USC §1332 and Title 11 of the Code of the District of Columbia Section 921 (as amended).

2. Plaintiff Cheryl Hollis is a resident of Princess Anne, Maryland.

3. Defendant Rosa Mexicana DC, LLC is a limited liability company organized to do business in the District of Columbia with its place of business located at 575 7th St. NW, Washington, DC 20001.

4. Defendant is a subdivision RM Restaurants, a corporation with its offices in New York, NY.

STATEMENT OF CLAIM

5. On or about Saturday, July 14, 2007, Cheryl Hollis was in Washington, DC with other women pastors and church leaders attending the annual 2007 Women of Faith Conference being held at the Verizon Center.

6. While on a lunch break, Plaintiff, a Black female, along with four older White females attempted to patronize Defendant restaurant. Plaintiff was proceeding in a normal and prudent manner and being the youngest in her party, sought to check out the seating.

1

7. Plaintiff went in the Defendant's restaurant alone and approached the hostess to inform her of their seating requirements (five in the party). The hostess initially ignored Plaintiff. The hostess later told Plaintiff to go to the back of the line.

8. Several other groups, all White, were seated ahead of Plaintiff's party and these groups had come in subsequent to Plaintiff.

9. Plaintiff was denied a reservation buzzer which was given to many others patrons who came in the restaurant to notify them when their table was ready.

10. The hostess was approached several times by Plaintiff and each time, the hostess was repeatedly abrasive, sharp-toned and provided abusive responses although she was being asked politely by Plaintiff.

11. Finally, the four other persons of Plaintiff's party came inside to see what was taking so long. Upon seeing that they were white, the hostess said that they could be seated as a party of four, only, and could not move seating to accommodate a party of five.

12. Furthermore, the hostess denied Plaintiff and Plaintiff's party the suggestion of having one group of three at a table and then another table of two.

13. Since more than an hour had elapsed and the party was short on time before the next conference session was to begin, Plaintiff bowed out since she was not allowed to sit with the four other ladies.

14. Humiliated and disgusted and unable to get the hostess to relent at any suggestion to sit with her party, or a portion thereof, Plaintiff left the restaurant in order to allow the older ladies in her party the opportunity to eat before the next session started.

15. Plaintiff, due to the time now wasted at the restaurant and the failure to obtain lunch at the restaurant, did not eat lunch.

## COUNT I
### (Discrimination)

16. Plaintiffs adopt by reference and incorporate in this count paragraphs 1 through 15 as if completely set forth herein.

16. Defendant, a public accommodation restaurant, failed to allow Plaintiff equal and full enjoyment of its goods and services, due to either Plaintiff's race, color, religion or national origin in violation of 42 U.S.C. §2000a.

17. As a result of Defendant actions Plaintiff suffered humiliation and the enjoyment of the company of her friends also attending the conference.

18. The failures and actions of Plaintiff were a direct cause of Plaintiff's injuries.

## COUNT II
### (Intentional Infliction of Emotional Distress)

19  Plaintiff adopts by reference and incorporate in this count paragraphs 1 through 18 as if completely set forth herein.

20. Defendant intentionally and without regard for Plaintiff did deny Plaintiff equal use of its goods and services.

21. But for Defendant's actions, Plaintiff would not have experienced humiliation, loss of character, stress, loss of sleep and appetite among other effects.

## COUNT II
### (Negligent Infliction of Emotional Distress)

22. Plaintiff adopts by reference and incorporate in this count paragraphs 1 through 21 as if completely set forth herein.

23. Defendant owed a Plaintiff a duty of care for her emotions as a bona fide patron of its restaurant.

24. Defendant breached its duty of care to Plaintiff by negligently inflicting emotional distress upon Plaintiff in its refusal to accommodate Plaintiff to partake of its goods and services.

25. As a result of Defendant's breach, Plaintiff was injured emotionally in that she was humiliated, depressed, stressed, experience loss of sleep and appetite among other effects.

26. Defendant's breach was the proximate cause of Plaintiff's injuries.

AS a result of the actions of the Defendant and by and through its agent/hostess:

1. Defendant has violated Plaintiff's rights under 42 U.S.C. 2000a by denying Plaintiff service and goods.

2. Plaintiff has endured undue emotional distress and mental anguish from the humiliation experienced as a result of Defendant's intentional acts which has interfered with Plaintiff's livelihood and with Plaintiff's general welfare.

3. Plaintiff has endured undue emotional distress and mental anguish from the humiliation experienced as a result of Defendant's negligent acts which has interfered with Plaintiff's livelihood and with Plaintiff's general welfare.

WHEREFORE, Plaintiff demand judgment against the Defendant in the sum of $1,750,000 (One Million Seven Hundred Fifty Thousand Dollars) and fees and costs.

Plaintiff respectfully demands a jury trial.

Plaintiffs further prays the court to grant such other and further relief as this court shall deem necessary.

Respectfully Submitted,

David H. Dupree, Esq. 404819
Attorney for Plaintiff
P.O. Box 6622
Knoxville, TN 37914
(240) 305-8483

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Cheryl Hollis

88868

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Princess Anne, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David H. Dupree, P.O. Box 6622, Knoxville, TN 37914
(240) 305-8483

## DEFENDANTS

Rosa Mexicana DC, LLC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Wash., DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-01209
Assigned To : Roberts, Richard W.
Assign. Date : 7/14/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 4 Diversity (Indicate Citizenship of Parties in item III)
○ 2 U.S. Government Defendant

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ◉ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⊙ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☒ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000a Plaintiff was denied service at Defendant restaurant due to race or color.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐   DEMAND $ 1,750,000   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  July 11, 2008  /14   SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.