## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
Baltimore Division

|  |  |  |
|---|---|---|
| CHERYL HOLLIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-01209-RWR |
| ROSA MEXICANO DC, LLC, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Rosa Mexicano DC, LLC ("Rosa Mexicano") hereby moves for the entry of an Order dismissing Plaintiff's Complaint in its entirety. In support of its Motion, Rosa Mexicano respectfully refers the Court to the attached Memorandum.

Respectfully submitted,

_____/s/_____
Connie N. Bertram (Bar No. 435840)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

Counsel for Defendant

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

|  |  |  |
|---|---|---|
| CHERYL HOLLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-01209-RWR |
| | ) | |
| ROSA MEXICANO DC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Rosa Mexicano DC, LLC ("Rosa Mexicano") submits its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint.

**I.     INTRODUCTION AND SUMMARY**

In her Complaint, Plaintiff Cheryl Hollis alleges that Defendant Rosa Mexicano discriminated against her on the basis of her race and intentionally and negligently inflicted severe emotional distress upon her.  Plaintiff claims that on July 14, 2007, during lunch hours, she – an African American woman – and her party of four other White women were denied seating and service at Rosa Mexicano while other parties consisting of an undisclosed number of White individuals were seated.  Comp. ¶¶ 7-8.  Plaintiff additionally alleges that Rosa Mexicano's hostess "initially ignored [her]", "told [her] to go to the back of the line," denied giving her a reservation buzzer, and was "repeatedly abrasive, sharp-toned, and provided abusive responses even though [Plaintiff had asked politely to be seated]."  Id. at ¶¶ 9-10.  Plaintiff further alleges that after the other members of her party joined her inside the restaurant, the

hostess denied her party's suggestion to seat them as two tables of three and two persons, and explained instead that while they could not accommodate a party of five at the time, they could accommodate a party of four. Id. at ¶¶ 11-12.  Plaintiff then alleges that she voluntarily left the restaurant to allow the remainder of her party to be seated at a table of four. Id. at ¶¶ 13-14.

Plaintiff claims that these actions constitute discrimination under Title II, which prohibits discrimination in places of public accommodation, and she claims that Rosa Mexicano intentionally and negligently humiliated her and caused her emotional distress. Id. at ¶¶ 16-26. She therefore now seeks compensatory damages in the amount of $1,750,000.00, a jury trial, and "other and further relief as this court shall deem necessary." Id. at 4.

As explained in detail below, even if the allegations of Plaintiff's Complaint are taken as true for purposes of this motion, Plaintiff cannot sustain her claims against Rosa Mexicano for three distinct reasons.  First, this Court lacks jurisdiction to hear Plaintiff's discrimination claim because Plaintiff failed to comply with the procedural requirements of Section 2000a-3.  Because Plaintiff did not file written notice of her allegations of discrimination with the District of Columbia Office of Human Rights at least thirty days prior to filing this action, she cannot proceed with her suit and her claim must be dismissed.  Second, Plaintiff has failed to state a valid claim for intentional infliction of emotional distress because, even accepting her allegations of discrimination as true, the alleged conduct does not rise to the level of "outrageous" or "extreme" conduct required for such a claim under District of Columbia law.  Third, Plaintiff also fails to state a claim for negligent emotional distress because she does not, and simply cannot, allege that she suffered an injury via physical contact or that she was in the "zone of physical danger".  Consequently, she fails to state *any* claim for relief and her Complaint must be dismissed in its entirety with prejudice.

**II.   ARGUMENT**

    **A.   This Court Lacks Jurisdiction To Hear Plaintiff's Section 2000a Discrimination Claim**

Plaintiff's claim for discrimination must be dismissed because she has failed to comply with the mandatory administrative notice requirement of Section 2000a-3(c) and thus this Court lacks jurisdiction to hear her claim.  Under Title II, a plaintiff may not proceed with a civil action alleging discrimination without first providing notice to the relevant state or local agency authorized to grant relief for such discrimination, where such an agency exists.  Specifically, Section 2000a-3(c) states:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, ***no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority*** by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a-3(c) (emphasis added).

This notice requirement is mandatory, and strict compliance with the terms of this provision is required.  As the Tenth Circuit noted in Harris v. Ericson, 457 F.2d 765, 766 (10th Cir. 1972), "the statute itself in very understandable language precludes institution of a federal court proceeding of this particular type without first giving the state an opportunity to remedy the situation."  Thus, a plaintiff *must* demonstrate that she satisfied the procedural prerequisites of Section 2000a-3(c) before she can file a civil action in federal court.  Hornick v. Noyes, 708 F.2d 321, 323 (7th Cir. 1983).  Indeed, while Title II does not require administrative *exhaustion*, such that a plaintiff must proceed through all phases of an administrative proceeding before filing a

3

civil suit, the law quite clearly requires ***notice*** and an opportunity for state and local agencies to address any alleged discrimination.  Harris, 457 F.2d at 767 ("any outlawing of the doctrine of *exhaustion* of remedies [under Section 2000a-6] does not negate the earlier requirement of the statute [under 2000a-3] that before federal action of the particular type with which we are here concerned be commenced, the state must be given the *opportunity* to invoke its remedies.  In short, § 2000a-3(c) requires that no action shall be brought under that particular section of the act before the expiration of thirty days after notice of such alleged discriminatory act has been given the appropriate state agency.") (Emphasis in original.)

Plaintiff has utterly failed to satisfy this compulsory notice requirement.  The District of Columbia Office of Human Rights ("OHR"), which enforces the District of Columbia Human Rights Act ("DCHRA"), is vested with the authority to investigate and resolve complaints of discrimination in places of public accommodation, as well as grant appropriate relief.  See D.C. Code §§ 2-1403 et seq.  The DCHRA, for its part, states that it is unlawful "[t]o deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations."[1]  D.C. Code § 2-1402.31.  Additionally, the DCHRA provides for injunctive relief as well as compensatory damages.  D.C. Code §§ 2-1403.07, 2.1403.13.

Thus, it is clear that there exists in the District of Columbia an agency that is expressly authorized to hear, investigate, and resolve the very complaint that Plaintiff now asserts.  As such, Plaintiff was required to provide at least thirty days notice to the OHR of Rosa Mexicano's alleged discrimination before she could file the instant suit.  Because Plaintiff has not

---

[1] It is worth noting that the DCHRA defines prohibited conduct in language that is almost identical to that of Title II.  See 42. U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation").

affirmatively alleged that she provided the requisite written notice, she has not satisfied the procedural requirements of Section 2000a-3(c). This Court consequently lacks jurisdiction to hear Plaintiff's discrimination claim and thus her claim must be dismissed.[2]

### B. Plaintiff Has Failed To State A Claim For Intentional Infliction of Emotional Distress

To sustain a claim for intentional infliction of emotional distress in the District of Columbia, Plaintiff must allege: (1) "extreme or outrageous conduct" which (2) "intentionally or recklessly" (3) causes "severe emotional distress to another." Kotsch v. District of Columbia, 924 A.2d 1040, 1045 (D.C. 2007); Kerrigan v. Britches of Georgetowne, 705 A.2d 624, 628 (D.C. 1997). To establish the required degree of outrageousness, the plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" will not rise to the level of "extreme and outrageous" conduct. Jung v. Jung, 791

---

[2] To the extent that Plaintiff may attempt to argue that the OHR lacks jurisdiction to hear her complaint because the one-year statute of limitations under 2-1403.03 has now lapsed (Plaintiff alleges that Defendant discriminated against her on July 14, 2007), any such argument is foreclosed as "without merit." See e.g., Stearns v. Baur's Opera House, Inc., 3 F.3d 1142, 1145 (7th Cir. 1993) (holding that because viable state agency *did* exist and plaintiff failed to notify it of alleged discrimination, plaintiff could not claim absence of state agency with authority and could not proceed with civil discrimination claim); Harris, 457 F.2d at 767 (even where state or local statute of limitations has run, plaintiff is not excused from complying with agency procedures, and failure to do so will bar the suit from federal court.)

Additionally, to the extent that Plaintiff attempts to seek compensatory damages for her alleged discrimination, such relief must be denied. Title II does not provide for compensatory damages, but limits relief to an injunction, other orders, and attorneys' fees where appropriate. See 42 U.S.C. §§ 2000a3(a)-(b); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Thus Plaintiff's Complaint must be dismissed to the extent it seeks monetary relief for her discrimination claim. Bray v. RHT, Inc., 748 F. Supp. 3, 5 (D.D.C. 1990) (black patron of customer could not bring a claim for damages under Section 2000a, as claims of discrimination in places of public accommodation under this statute "are to be enforced exclusively by injunction," and, absent any indication that blacks are prevented entry to the restaurant, an injunction was unjustified).

5

A.2d 46, 50 (D.C. 2002) (citing Waldon v. Covington, 415 A.2d 1070, 1076 (D.C. 1980)). Instead, defendant's actions must cause plaintiff emotional distress "of so acute a nature that harmful physical consequences might be not unlikely to result." Kotsch, 924 A.2d at 1046 (citing Clark v. Associated Retail Credit Men of Wash. D.C., 105 F.2d 62 (D.C. Cir. 1939).

Applying these standards, Plaintiff has failed to plead facts whose reasonable inferences would entitle her to relief on his emotional distress claims. Indeed, cases with far more egregious facts than Plaintiff's have been deemed insufficient to state an emotional distress claim. For instance, in Kotsch, plaintiff alleged that he was falsely imprisoned when restaurant security officers ordered him to leave, cursed at him, and dragged him out of the restaurant while striking him with a nightstick after plaintiff threw napkins on the floor. 924 A.2d at 1046. The court held that plaintiff's claim for intentional infliction of emotional distress failed because even if the officers did not have probable cause to arrest him (which the court concluded they did), plaintiff did not seek medical or psychological attention and therefore had not proven that the officers' conduct was "so extreme and outrageous" as to cause sever emotional distress. Id.

Similarly, in Lockamy v. Truesdale, 182 F. Supp. 2d 26, 38 (D.D.C. 2001), plaintiff alleged that his supervisor intentionally harassed, intimidated, and threatened him, sabotaged and unfairly scrutinized his work, denied him the opportunity to work overtime, instructed him that he could not address white employees by their first names or speak to certain African-American employees, cursed at him, and told him that he could not use a typewriter that others in his department could use. The Court concluded that, although "troubling," the plaintiff's allegations did not meet the "very stringent level required to qualify as extreme and outrageous." Id.

Even accepting Plaintiff's allegations as true for purposes of this Motion, Plaintiff simply does not allege actions on the part of Rosa Mexicano that rise to the level of "extreme and

6

outrageous" conduct, as interpreted by District of Columbia courts. Plaintiff alleges that Rosa Mexicano's hostess "initially ignored [her], "told [her] to go to the back of the line," denied giving her a reservation buzzer, and was "abrasive, sharp-toned and provided abusive responses." Complaint ¶¶ 6-7. Plaintiff also alleges that she was denied seating and that the hostess rejected her suggestion to split her party and seat them upon her particular request. Id. at ¶¶ 11-12. Clearly, these allegations, even if accepted as true, are substantially less egregious than the allegations in the long line of decisions by District of Columbia courts rejecting emotional distress claims. Plaintiff has simply failed to plead any set of facts establishing extreme or outrageous conduct, and her claim for intentional infliction of emotional distress therefore must be dismissed.

### C. Plaintiff Cannot Make Out A Claim For Negligent Infliction of Emotional Distress

Similarly, Plaintiff's claim for negligent infliction of emotional distress must certainly fail. Under District of Columbia law, in order to make out a claim for negligent infliction of emotional distress, a plaintiff must show either that: (1) the emotional distress resulted from direct physical injury or (2) if there is no physical impact, he was present in the zone of physical danger created by the defendant's negligence and feared for his own safety. E.g., Mackey v. United States, 8 F.3d 826, 831 (D.C. Cir. 1993); Kun v. Finnegan, Henderson, Farabow, Garret & Dunner, 949 F. Supp. 13, 20 (D.D.C. 1996). Plaintiff does not even attempt to allege that she suffered an injury via physical contact or that she was in the "zone of physical danger" – nor could she.

Consequently, both of Plaintiff's emotional distress claims fail to state a claim upon which relief can be granted, and Counts II and III of the Complaint must be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Rosa Mexicano respectfully requests that the Court enter an Order dismissing Plaintiff's claim against it with prejudice.

Respectfully submitted,

/s/
Connie N. Bertram (Bar No. 435840)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

*Counsel for Defendant*

Dated: September 2, 2008

## CERTIFICATE OF SERVICE

I hereby Certify that on September 2, 2008, a copy of the foregoing Motion to Dismiss and Memorandum in Support thereof were filed electronically and served electronically on:

> David H. Dupree
> Law Office of David Dupree
> P.O. Box 6622
> Knoxville, TN 37914
> *Counsel for Plaintiff*

                                              /s/
                                  Connie N. Bertram

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Baltimore Division

|  |  |
|---|---|
| CHERYL HOLLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-01209-RWR |
| ) | |
| ROSA MEXICANO DC, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **ORDER**

UPON CONSIDERATION of Defendant Rosa Mexcano DC, LLC's ("Rosa Mexicano") Motion to Dismiss, and the parties briefings thereon, it is hereby:

ORDERED that Defendant's Motion to Dismiss is GRANTED for the reasons stated in Defendant's motion and reply; and it is further

ORDERED that Plaintiff's Complaint is dismissed in its entirety with prejudice and judgment is entered as a matter of law if favor of Rosa Mexicano and against Plaintiff Cheryl Hollis.

_____

Judge Richard W. Roberts
United States District Judge