**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
**CHERYL HOLLIS,**                  )
                                    )
    **Plaintiff,**           )
                                    )
    v.                       )   Civil Action No. 08-1209 (RWR)
                                    )
**ROSA MEXICANO DC, LLC,**          )
                                    )
    **Defendant.**           )
_____ )

**MEMORANDUM OPINION**

Plaintiff Cheryl Hollis brings this action against defendant Rosa Mexicano DC, LLC, a restaurant in the District of Columbia, alleging a violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, and intentional and negligent infliction of emotional distress caused by Rosa Mexicano's refusal to provide service to the plaintiff.  Rosa Mexicano has moved to dismiss this action for lack of subject-matter jurisdiction and for failure to state a claim upon which relief could be granted. Because Hollis has not satisfied the statutory requirement of filing notice of her Title II claim with the District of Columbia Office of Human Rights ("DCOHR") and has failed to allege a prima facie case for either intentional or negligent infliction of emotional distress, Rosa Mexicano's motion to dismiss will be granted.

BACKGROUND

Hollis, a black woman, alleges that Rosa Mexicano "failed to allow [her] equal and full enjoyment of its goods and services, due to either [her] race, color, religion or national origin," in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a.  (Compl. ¶ 16.)  Hollis contends that she attempted to obtain a lunch seating for her party of five, the rest of whom had not yet arrived, at the restaurant, but the hostess ignored her seating request, denied her a reservation buzzer, and provided "abusive responses" to plaintiff's inquires.  (Id. ¶¶ 7-9.)  Hollis further alleges that upon the arrival of the rest of her party, the hostess, seeing that the other members of her party were all white, told her she could accommodate only a party of four, causing Hollis to leave the restaurant because she could not be seated with the rest of her party.  (Id. ¶¶ 11-14.)  She claims that the event caused her humiliation, loss of character, stress, loss of sleep and appetite, and undue emotional distress.  (Id. ¶¶ 21, 24.)

Hollis filed this action, alleging a violation of 42 U.S.C. § 2000a, which prohibits discrimination on the basis of race, color, religion, or national origin in any place of public accommodation, and asserting common law claims of intentional and negligent infliction of emotional distress.  She seeks $1,750,000 in damages and fees and costs.  Rosa Mexicano moved to dismiss

- 3 -

the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## DISCUSSION

I.   TITLE II DISCRIMINATION CLAIM

The defendant contends that plaintiff's Title II claim must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction because the plaintiff failed to file notice of her claim with DCOHR.  (Def.'s Mem. in Support of Its Mot. to Dismiss ("Def.'s Mem.") at 4-5.)  "On a motion to dismiss for lack of subject-matter jurisdiction [under] Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction."  Shuler v. United States, 448 F. Supp. 2d 13, 17 (D.D.C. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  In reviewing the motion, a court accepts as true all of the factual allegations contained in the complaint, Artis v. Greenspan, 158 F.3d 1301, 1306 (D.C. Cir. 1998), and may also consider "undisputed facts evidenced in the record."  Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003); see also Tootle v. Sec'y of the Navy, 446 F.3d 167, 174 (D.C. Cir. 2006) (explaining that a court may look beyond the pleadings to resolve disputed jurisdictional facts when considering a motion to dismiss under Rule 12(b)(1)).

Title II provides that "[a]ll persons should be entitled to the full and equal enjoyment of the goods, services, facilities,

- 4 -

privileges, advantages, and accommodations of any place of public accommodation," 42 U.S.C. § 2000a(a), and expressly lists "any restaurant . . . principally engaged in selling food for consumption on the premises" as a "place of public accommodation" covered under the title.  Id. § 2000a(b)(2).  Under 42 U.S.C. § 2000a-3(c), a plaintiff may not bring a civil action claiming an alleged act of discrimination in violation of Title II "before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority," if such authority has a law "prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice."  42 U.S.C. § 2000a-3(c).  While the D.C. Circuit has not ruled on the issue, other circuits have concluded that the notice requirement of 42 U.S.C. § 2000a-3(c) is a mandatory jurisdictional prerequisite, and a Title II plaintiff must demonstrate she has satisfied the notice requirement of § 2000a-3(c) before a federal court has jurisdiction to hear the plaintiff's claim.  Bilello v. Kum & Go, LLC, 374 F.3d 656, 659 (8th Cir. 2004); Stearnes v. Baur's Opera House, Inc., 3 F.3d 1142, 1144-45 (7th Cir. 1993); see also Harris v. Ericson, 457 F.2d 765, 766 (10th Cir. 1972) (affirming dismissal where required notice not given, without characterizing § 2000a-3(c) as jurisdictional).  Whether the Title II notice requirement is jurisdictional or, like a statute

- 5 -

of limitations, subject to equitable exceptions such as waiver or estoppel, it is clear that the notice requirement applies to Hollis' claim, she did not fulfill the requirement, and Hollis has neither pled nor established any equitable exceptions to excuse her failure to file a notice with the DCOHR.

District of Columbia law makes it unlawful "[t]o deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations." D.C. Code § 2-1402.31. Further, the DCOHR has authority to seek relief against prohibited discrimination. See id. §§ 2-1403.01-.17. Because there is a law prohibiting defendant's alleged act of discrimination and an agency authorized to grant relief for the alleged act, a plaintiff bringing a civil action for a Title II claim of discrimination in the District of Columbia must first file written notice with the DCOHR at least thirty days before bringing any action in federal court.

Hollis does not dispute that she has not filed any notice with DCOHR. (Pl.'s Opp'n at 1-2.) Rather, she argues that D.C. Code § 2-1403.16, which permits a prospective plaintiff alleging unlawful discrimination under D.C. law to elect between filing a complaint with DCOHR or seeking a judicial remedy, should displace the notice requirement of Title II. (Id.) This argument lacks merit. Plaintiff brings her claim under Title II

of the Civil Rights Act and is subject to the express requirements of that title.  Further, a state statute cannot contravene the express mandate of a federal statute.  See Hayfield N. R.R. Co. v. Chicago & N.W. Transp. Co., 467 U.S. 622, 627 (1984).  Accordingly, because Hollis did not fulfill the notice requirement of 42 U.S.C. § 2000a-3(c) by filing written notice with the DCOHR, her Title II discrimination claim will be dismissed.[1]

## II. INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS

Rosa Mexicano contends that plaintiff's claims of intentional and negligent infliction of emotional distress must be dismissed under Rule 12(b)(6) because plaintiff has failed to allege sufficient facts to establish either claim.  (Def.'s Mem. at 6-8.)  Rule 12(b)(6) authorizes dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss under Rule 12(b)(6), the allegations stated in the plaintiff's complaint "must be enough to raise a right to

---

[1] Although Rosa Mexicano has moved for dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, if the Title II notice requirement is nonjurisdictional, Hollis' claim must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  See Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (holding that a district court "may dismiss a claim sua sponte without notice" under Rule 12(b)(6) when it is clear that the plaintiff's complaint fails to state an actionable claim).

- 7 -

relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). The complaint must be construed in the light most favorable to the plaintiff and "the court must assume the truth of all well-pleaded allegations." Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004). If a plaintiff fails to allege sufficient facts to support a claim, the complaint must be dismissed. See Twombly, 127 S. Ct. at 1965.

    A.    Intentional infliction of emotional distress

In the District of Columbia, "[t]he tort of intentional infliction of emotional distress consists of (1) 'extreme and outrageous' conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff 'severe emotional distress.'" Kotsch v. District of Columbia, 924 A.2d 1040, 1045 (D.C. 2007) (citing Waldon v. Covington, 415 A.2d 1070, 1076 (D.C. 1980) and Restatement (Second) of Torts § 46 (1965)). To satisfy the first element, conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 1045-46. "[L]iability for [intentional infliction of emotional distress] does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" Adams v. Vertex, Inc., Civil Action No. 04-1026 (HHK), 2007 WL 1020788, at *5 (D.D.C.

Mar. 29, 2007) (quoting Restatement (Second) of Torts § 46). "[T]he defendant's actions must proximately cause the plaintiff emotional distress 'of so acute a nature that harmful physical consequences might not be unlikely to result.'" Kotsch, 924 A.2d at 1046 (quoting Clark v. Associated Retail Credit Men of Wash. D.C., 105 F.3d 62, 65 (1939)).

Being denied service because of invidious discrimination is no mere insult or petty oppression or triviality. The bar for pleading this tort, however, has been set very high. Applying its stringent standard, the D.C. Court of Appeals has held that an employee who alleged that his supervisor "targeted him for a sexual harassment investigation, manufactured evidence against him in order to establish a false claim of sexual harassment, leaked information from the investigation to other employees, and unjustifiably demoted him" did not have a claim of intentional infliction of emotional distress because the supervisor's conduct did not rise to the necessary level of outrageousness. Kerrigan v. Britches of Georgetowne, Inc., 705 A.2d 624, 628 (D.C. 1997); see also Joyner v. Sibley Mem'l Hosp., 826 A.2d 362, 373 (D.C. 2003) (holding that a supervisor intentionally closing an office door on an employee's hand to prevent her from leaving a disciplinary meeting was not sufficiently outrageous behavior). Further, in Williams v. Federal Nat. Mortg. Ass'n, Civil Action No. 05-1483 (JDB), 2006 WL 1774252 (D.D.C. June 26, 2006), an

- 9 -

employer's "active, conspiratorial, malicious and secretive attempts to . . . terminate [the plantiff's] prospective and ongoing business relationships" and "efforts to damage her personal and business reputation" did not rise to the necessary level of outrageousness to be actionable as intentional infliction of emotional distress.  Id. at *10.  Similarly, in Lockamy v. Truesdale, 182 F. Supp. 2d 26 (D.D.C. 2001), the plaintiff alleged that "he was intentionally harassed, intimidated, and threatened by his supervisor . . . [who] instructed him he could not address white employees by their first names, told him that he could not speak to certain African-American employees, [and] cursed at him[.]"  Id. at 38.  Although the court noted that "[i]f the allegations were true, the conduct at issue would be quite troubling," the court held that such "conduct would not reach the very stringent level required to qualify as extreme and outrageous."  Id.  Finally, the D.C. Court of Appeals, explaining its reluctance to find certain conduct to be so extreme and outrageous to support a claim of intention infliction of emotional distress, has concluded that the "'rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely

- 10 -

inconsiderate and unkind.'"  *King v. Kidd*, 640 A.2d 656, 668 (D.C. 1993) (quoting Restatement (Second) of Torts § 46 cmt. d).

In this case, accepting all of the facts in the complaint as true, the defendant, through its employee, ignored the plaintiff, denied her equal service at its restaurant, and spoke to her in a manner that was "abrasive [and] sharp-toned." (Compl. ¶¶ 7-12.) However troubling the alleged conduct may be, as a matter of law, it was not sufficiently extreme and outrageous to state a claim of intentional infliction of emotional distress. Rather, the defendant's conduct was the type of insult or indignity to which District of Columbia tort law requires a plaintiff to be hardened. *See King*, 640 A.2d at 668. Accordingly, plaintiff's intentional infliction of emotional distress claim will be dismissed for failure to state a claim upon which relief can be granted.

B.   *Negligent infliction of emotional distress*

"To establish a prima facie case of negligent infliction of emotional distress, [a plaintiff] must show that she was in the zone of physical danger created by [the defendant's] conduct and was caused by [the defendant's] negligence to fear for her own well-being." *Jane W. v. Pres. & Dirs. of Georgetown Coll.*, 863 A.2d 821, 826 (D.C. 2004) (citing *Williams v. Baker*, 572 A.2d 1062, 1064 (D.C. 1990)). A plaintiff need not show actual physical impact, but she must show "that she actually feared for

- 11 -

her safety as a result of [the defendant's] conduct." Id. at 827.  In this case, plaintiff has not alleged that she was ever in any zone of physical danger caused by an act of the defendant where she had reason to fear her safety.  Accordingly, defendant's motion to dismiss plaintiff's claim of negligent infliction of emotional distress will be granted.

CONCLUSION

Because plaintiff failed to file written notice of her Title II claim with the DCOHR, plaintiff's Title II claim must be dismissed.  Further, accepting all of her allegations as true, plaintiff has failed to state a claim for either intentional or negligent infliction of emotional distress.  Accordingly, the defendant's motion to dismiss will be granted.

A final, appealable order accompanies this Memorandum Opinion.

SIGNED this 23rd day of October, 2008.

```
            /s/
RICHARD W. ROBERTS
United States District Judge
```